**Jairo ARANGO–ARADONDO, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 1929, Docket 92–4224.

United States Court of Appeals, Second Circuit.

Argued Aug. 9, 1993.

Decided Jan. 10, 1994.

Stephen J. Kloepfer, New York City (Lawrence J. Portnoy, Davis, Polk & Wardwell, New York City, of counsel), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty. (Mary Jo White, U.S. Atty., Southern District of New York, Gabriel W. Gorenstein, Asst. U.S. Atty., New York City, of counsel), for respondent.

Before: WINTER, MINER, and WALKER, Circuit Judges.

WALKER, Circuit Judge:

Jairo Arango–Aradondo petitions this court for review of a decision of the Board of Immigration Appeals ("BIA") that dismissed his petition for a waiver of deportability pursuant to § 212(c) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1182(c). In this appeal, we are asked to decide whether a *pro se* prisoner can timely file his petition for review if he delivers it to prison authorities within the filing deadline and whether we can hear a claim for ineffective assistance of counsel that has not been first presented to the BIA.

## BACKGROUND

Arango, a Colombian citizen, was legally admitted into the United States as a permanent resident in 1965. He has remained in the United States ever since except for two trips to Colombia. On January 26, 1990, Arango pleaded guilty in New York State Supreme Court to attempted criminal sale of a controlled substance in the third degree. The court sentenced Arango to imprisonment for three to six years, and he is currently incarcerated at the Fishkill Correctional Facility. Arango's criminal record included

twenty-one arrests, seven convictions, and several extended periods of incarceration.

On the basis of the 1990 drug conviction, the Immigration and Naturalization Service ("INS") began proceedings to deport Arango pursuant to 8 U.S.C. §§ 1251(a)(4)(B) and 1251(a)(11). Arango conceded deportability, but petitioned for a waiver of deportability pursuant to § 212(c) of the Act. Following a hearing, the immigration judge issued an oral decision denying Arango's petition and ordering him deported to Colombia. On October 28, 1992, the BIA affirmed the denial of the waiver and dismissed his appeal.

On November 27, 1992, Arango put his petition for review in a stamped envelope addressed to the clerk of this court and dropped it in the prison mailbox at Fishkill. On December 2, 1992, the clerk received the petition.

## DISCUSSION

### I. *Jurisdiction*

■ The Government argues that jurisdiction over Arango's petition is absent because it was untimely. A petition for review of a final deportation order must normally be filed no later than 90 days after the date the order is issued; however, in the case of an alien convicted of an aggravated felony, the petition for review must be filed no later than 30 days after the date the order is issued. 8 U.S.C. § 1105a(a)(1) (Supp. IV 1992). The time limits imposed by the Act are jurisdictional prerequisites, and we have no authority to consider late petitions. *Stajic v. INS*, 961 F.2d 403, 404 (2d Cir.1992). Because the BIA's final deportation order in this case was filed on October 28, 1992, Arango, as an alien convicted of an aggravated felony, was required to file his petition for review no later than November 27, 1992.

Although Arango submitted his petition to prison officials within the statutory time limit, the clerk of the court did not receive it until after the deadline had passed. Arango contends that under the Supreme Court's decisions in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), a *pro se* prisoner's notice of appeal is "filed" at the moment it is conveyed to prison authorities for forwarding to the district court. While *Lack* and *Fallen* involved appeals from, respectively, a dismissal of a habeas petition and a criminal conviction and were governed by different rules of procedure, Arango argues that the rationale underlying these decisions applies with equal force to appeals from deportation orders by *pro se* prisoners.

■ We need not address this argument in light of a recent amendment to Rule 25(a) of the Federal Rules of Appellate Procedure which became effective while this appeal was *sub judice*. The amended Rule provides in relevant part that:

> Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day for filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

Fed.R.App.P. 25(a); 61 U.S.L.W. 4395, 4400 (1993). The order of the Supreme Court transmitting to Congress this and other amendments to the Federal Rules of Appellate Procedure states "[t]hat the foregoing amendments ... shall take effect on December 1, 1993, and shall govern all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings in appellate cases then pending." 61 U.S.L.W. at 4395. We see no reason why it is not "just and practicable" to apply the amended Rule to the facts of this case, and the Government has proffered no argument as to why we should rule differently. Arango has complied with the requirements of the Rule by submitting an affidavit verifying that he deposited his petition for review in a properly wrapped and stamped envelope in the Fishkill mailbox on November 27, 1992. Accordingly, since Arango deposited his papers in the prison's internal mail system within the limitations period, the petition was timely filed and we have jurisdiction.

## II. *The Merits*

Arango challenges the BIA's denial of his § 212 waiver application on the grounds that, *inter alia:* the BIA's denial was an abuse of discretion; he was deprived of his right to an attorney of his choice at the deportation hearings; and the non-lawyer who represented him provided ineffective assistance.

### A. *Abuse of Discretion*

■ Arango first argues that the BIA's denial of a § 212(c) waiver of deportability was an abuse of discretion. In considering applications for waiver of deportability, immigration judges must balance the adverse factors demonstrating an alien's undesirability as a permanent resident of the United States with the social and humane factors presented on his behalf. *Matter of Marin,* 16 I & N Dec. 581, 584–85 (BIA 1978); *see also Akrap v. INS,* 966 F.2d 267, 271 (7th Cir.1992). We will only find an abuse of discretion where the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group." *Li Cheung v. Esperdy,* 377 F.2d 819, 820 (2d Cir.1967) (citation omitted).

■ In this case, it is evident that the immigration judge carefully and thoroughly weighed the evidence in Arango's favor (including his drug and alcohol rehabilitation efforts, his longtime residency in the United States, his close family ties, and the hardship he will endure in Colombia given his HIV status and his lack of ties there) against the detrimental evidence (including his sporadic employment record, his failure to file taxes, and, most importantly, his "very lengthy and very severe" criminal record together with his long involvement in drug culture). Based on these considerations, the judge concluded that "the positive factors presented just do not outweigh the adverse factors." Since the judge considered the evidence presented by Arango, we are not empowered to reweigh the evidence and second guess his determination. *Gouveia v. INS,* 980 F.2d 814, 819 (1st Cir.1992).

■ We also reject Arango's contention that the BIA abused its discretion when it summarily dismissed his appeal "based upon and for the reasons set forth in [the immigration judge's] decision." We join our sister circuits in upholding a summary affirmance by the BIA when the immigration judge's decision below contains sufficient reasoning and evidence to enable us to determine that the requisite factors were considered. *See, e.g., Youssefinia v. INS,* 784 F.2d 1254, 1262 (5th Cir.1986); *Marquez–Medina v. INS,* 765 F.2d 673, 675 n. 3 (7th Cir.1985). The two cases cited by Arango in opposition to this conclusion are distinguishable because they involved situations where the BIA was the first forum to rule on an application and therefore could not have relied on the reasons set forth by the immigration judge. *See Anderson v. McElroy,* 953 F.2d 803, 805 (2d Cir.1992) (motion to stay deportation pending consideration of motion to reopen proceedings); *Mattis v. INS,* 774 F.2d 965, 967 (9th Cir.1985) (motion to reopen proceedings).

### B. *Right to Counsel*

Arango next argues that he was denied the right to the attorney of his choice because the presiding officer at his deportation proceedings misled him into retaining Reverend Robert Vitaglione, a non-lawyer, by mischaracterizing Rev. Vitaglione as an attorney. However, the record does not support Arango's claim. At his first hearing, Arango appeared without a representative, but informed the immigration judge that he had contacted Rev. Vitaglione to represent him. The immigration judge informed Arango that he could contact Prisoners' Legal Services and adjourned the proceedings for more than two months to allow him to obtain an attorney or legal representative. At the next hearing, Arango appeared with Rev. Vitaglione and answered affirmatively when asked whether Rev. Vitaglione was his "representative and authorized to speak on his behalf." Arango also signed a notice of appearance which explicitly stated that Rev. Vitaglione was not an attorney, but rather, an "accredited representative." From all of this, it is plain that Arango was presented with a full opportunity to secure either an attorney or a free non-attorney representa-

tive, and that he knowingly opted for the latter. He was thus afforded the procedural safeguards provided by 8 C.F.R. § 242.16(a), and his statutory and constitutional rights were not violated. *See Montilla v. INS,* 926 F.2d 162, 166 (2d Cir.1991).

### C. · Ineffective Assistance of Counsel

■ Arango next argues that his representative's performance was "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Saleh v. United States Dep't of Justice,* 962 F.2d 234, 241 (2d Cir.1992) (internal quotations omitted). Arango focuses on the representative's failure to present certain evidence to the immigration judge, including the fact that his current prison sentence was for an attempted sale of less than one-fifth of an ounce of cocaine and that, if deported to Colombia, Arango would be unable to receive public assistance, would be unlikely to receive medical care for his AIDS condition, and would be forced to live in a country in which there allegedly are systematic murders of the displaced poor. Arango argues that the omission of this evidence "plainly influenced" the immigration judge's decision.

The government responds that this claim should not be heard because Arango failed to exhaust his administrative remedies. A number of our sister circuits have held that claims regarding the omission of evidence resulting from allegedly ineffective assistance of counsel must first be presented to the BIA, either on direct appeal or through a motion to reopen. *See, e.g., Castaneda–Suarez v. INS,* 993 F.2d 142, 144–45 (7th Cir. 1993); *Dokic v. INS,* 899 F.2d 530, 532 (6th Cir.1990); *Roque–Carranza v. INS,* 778 F.2d 1373, 1374 (9th Cir.1985). Although the BIA does not have authority to adjudicate constitutional issues, the BIA can reopen the proceedings and, in appropriate circumstances, allow the petitioner to supplement the record with additional evidence. *Castaneda–Suarez,* 993 F.2d at 144. Consequently, the exhaustion requirement that applies in immigration proceedings, *see* 8 U.S.C. § 1105a(c), requires the petitioner to raise his claim in the first instance ·with the BIA, since it "in-

volves procedural errors correctable by the administrative tribunal." *Castaneda–Suarez,* 993 F.2d at 144 (internal quotations omitted).

The Sixth and Seventh Circuits are in tension as to whether the ,bar that precludes courts from reviewing ineffectiveness of counsel claims not first presented to the BIA by way of a motion to reopen is jurisdictional or simply prudential. In *Dokic,* the Sixth Circuit held that "[p]etitioners must exhaust their administrative remedies by filing a motion to reopen before they can obtain judicial review of the Final Order of Deportation." 899 F.2d at 532. In *Rhoa–Zamora v. INS,* 971 F.2d 26 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993), the Seventh Circuit held that the failure to move to reopen does not preclude jurisdiction because the exhaustion requirement in the Act provides that courts must not review orders of deportation if the " 'alien has not exhausted the administrative remedies available to him *as of right,*' " and a motion to reopen is a discretionary remedy. 971 F.2d at 31 (quoting 8 U.S.C. § 1105a(c)) (emphasis added by *Rhoa–Zamora* ). Nevertheless, the Seventh Circuit has determined that, for prudential reasons, ineffectiveness claims should be decided by the BIA in the first instance, noting that this " 'will avoid any premature interference with the agency's processes and, in addition to affording the parties and courts the benefit of the agency's expertise, it will compile a record which is adequate for judicial review.' " *Castaneda–Suarez,* 993 F.2d at 145 (quoting *Roque–Carranza,* 778 F.2d at 1374).

We agree with the Seventh Circuit's view of the exhaustion requirement as set forth in *Rhoa–Zamora* and also with that court's decision in *Castaneda–Suarez* to refrain from deciding an ineffectiveness of counsel claim based on failure to present evidence until after the BIA has an opportunity to consider it. *See also Roque–Carranza,* 778 F.2d at 1374. Accordingly, we decline to address the ineffectiveness of counsel issue at this time.

Arango correctly notes that a motion to reopen does not automatically stay a deportation order and thus argues that because he presents a number of grounds for reversal in addition to the ineffectiveness claim, he must

timely file a petition for review to this court in order to secure a stay of deportation and to ensure that these additional grounds are reviewed. He thus argues that he should not have to defer appellate consideration of these other grounds while his ineffectiveness claim is pending before the BIA. However, Arango overlooks INS regulations that contemplate motions to reopen being filed at the same time the Board's order is being appealed. *See* 8 C.F.R. § 103.5a; *Rhoa–Zamora,* 971 F.2d at 33.

The circuits differ as to whether the court has jurisdiction over an appeal when a petitioner files a motion to reopen *before* seeking judicial review with the circuit court. *Compare Fleary v. INS,* 950 F.2d 711, 713 (11th Cir.1992) (otherwise appealable order not appealable if petitioner files a motion to reopen before petition for review); *Jian Gang Chu v. INS,* 875 F.2d 777, 779–80 (9th Cir.1989) (same) *with Bauge v. INS,* 7 F.3d 1540, 1541–42 (10th Cir.1993) (finality of deportation order not affected by petitioner's filing motion to reopen prior to filing petition for review); *White v. INS,* 6 F.3d 1312, 1317 (8th Cir.1993) (same); *Akrap v. INS,* 966 F.2d 267, 271 (7th Cir.1992) (same); *Nocon v. INS,* 789 F.2d 1028, 1032–33 (3d Cir.1986) (same). However, circuits on both sides of the issue are in agreement that *after* a petitioner has filed a petition for review with the circuit court, he has the option of filing a motion to reopen with the BIA without divesting the circuit court of jurisdiction. *See Rhoa–Zamora,* 971 F.2d at 32–33; *Berroteran–Melendez v. INS,* 955 F.2d 1251, 1254 (9th Cir.1992); *Alleyne v. INS,* 879 F.2d 1177, 1181–82 (3d Cir.1989). In such a case, the court of appeals should proceed with the petition for review except for the ineffective assistance of counsel claim. This approach allows petitioner's claims to be heard as expeditiously as possible and prevents any unnecessary delay resulting from a postponement of consideration of the entire petition until after the BIA decides the motion to reopen.

The foregoing demonstrates that Arango would have been able to seek review of his other claims and a stay of his deportation order with this court while also filing a motion to reopen with the BIA. Given the present circumstances of this case, we will grant a 60–day stay of deportation for Arango to file his motion to reopen and, if he meets this deadline, extend the stay until all INS proceedings are completed. *See Castaneda–Suarez,* 993 F.2d at 146 (granting stay until a motion to reopen is addressed by Board); *Roque–Carranza,* 778 F.2d at 1374 (same). If Arango's motion to reopen is denied by the BIA, he may appeal that denial to this court as well. *See Castaneda–Suarez,* 993 F.2d at 145.

We have considered Arango's other arguments and consider them to be improperly raised or without merit.

## CONCLUSION

Arango's petition for review is denied. We grant a 60–day stay of deportation for Arango to file a motion to reopen with the BIA to present his ineffective assistance claim. If filing is timely, the stay will remain in effect until all INS proceedings are completed. Our mandate shall issue forthwith. The Clerk of the Court is instructed to direct any future appeals related to this case to the members of this panel.