Lan Jin ZHANG, Petitioner,

v.

Janet RENO, United States Attorney
General, Respondent.

No. 97 Civ. 9077(JSR).

United States District Court,
S.D. New York.

Nov. 25, 1998.

Theodore N. Cox, New York City, for petitioner.

Janet Reno, United States Attorney General, F. James Lopnest, for respondent.

### MEMORANDUM ORDER

RAKOFF, District Judge.

In 1992, the Immigration and Naturalization Service instituted exclusion proceedings against petitioner Lan Zhin Zhang on the ground that Zhang had attempted to enter the United States without a valid immigrant visa. *See* Return of James M. Loprest, Certified Administrative Record ("R.") at 133–34. At the exclusion hearing, Zhang requested political asylum, asserting that she had been forcibly sterilized for violating Chinese family planning policies. *See id.* at 135. The Immigration Judge denied Zhang's application, finding that she had failed to prove that Chinese birth control laws had been selectively applied to her because of her political views, *see id.* at 140–41, a requirement for political asylum under case law in effect at the time. *See, e.g., Matter of Chang,* 20 I. & N. Dec. 38, 1989 WL 247513 (BIA 1989). The Immigration Judge also discredited the testimony given by Zhang at the exclusion hearing, noting that Zhang had failed to mention forced sterilization in her initial (pre-hearing) statement to the Immigration and Naturalization Service. *See* R. at 138–39. On September 27, 1995, the Bureau of Immigration Appeals ("BIA") affirmed the Immigration Judge's decision. *See id.* at 1–4.

Subsequently, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–689 (Sept. 30, 1996) (codified at 8 U.S.C. § 1101(a)(42)).

Section 601(a) of IIRIRA provides that a person who has been forcibly sterilized is "deemed to have been persecuted on account of political opinion" and is therefore presumptively eligible for asylum. 8 U.S.C § 1101(a)(42). This provision, if retroactive, effectively overrules the primary basis on which the Immigration Judge rested her decision in Zhang's case. Accordingly, Zhang brought the instant petition for habeas corpus, seeking a court order directing the Immigration and Naturalization Service to reopen her case.

On August 10, 1998, the Honorable James C. Francis, United States Magistrate Judge, issued a report and recommendation recommending that the Court grant Zhang's petition. Judge Francis' recommendation was predicated on the premise that IIRIRA should be given retroactive application, cf. *In re X–G–W*, Interim Decision 3352, 1998 WL 378104 (BIA June 25, 1998) (applying IIRIRA to applicant's motion to reopen despite the fact that the case was decided before enactment of the law); *DeGurules v. INS*, 833 F.2d 861 (9th Cir.1987) (retroactively applying legislation relaxing the continuous presence requirement for suspension of deportation under § 1254). The Government, although objecting to retroactive application in its submissions to the Magistrate Judge, no longer challenges this premise in its objections submitted to this Court. The Government nonetheless objects to the Magistrate Judge's conclusion on the ground that the Immigration Judge's discrediting of Zhang's testimony provides an independent basis for denying the petition.

Upon receipt of the Government's objections, the Court undertook a *de novo* review of the underlying record and of the portions of Magistrate Judge Francis' recommendation that were objected to. *See* Fed.R.Civ.P. 72(b). Upon that review, the Court hereby determines that the Magistrate Judge's recommendation is correct and that Zhang's petition must be granted.

■ As a preliminary matter, the Court rejects the Government's argument that Zhang should have been required to file an administrative motion to reopen her case prior or to seeking habeas review in this Court. Even assuming *arguendo* that such a motion is not already time-barred, a motion to reopen, as a discretionary remedy, does not fall within the statutory exhaustion requirement, which provides that an alien must exhaust only those administrative remedies available "*as of right.*" 8 U.S.C. § 1105a(c) (emphasis added). Accordingly, the fact that Zhang has not filed such a motion does not deprive this Court of jurisdiction. *See Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994).

■ Turning to the merits, as Judge Francis noted, and as the underlying record confirms, the Immigration Judge, while commenting on Zhang's lack of credibility,[1] never drew the specific adverse inference that Zhang, contrary to her testimony, had not undergone forced sterilization. As the law then stood, there was no need to do so. Thus, not one word of the Immigration Judge's opinion was directed at assessing the probative value of the substantial documents Zhang introduced in support of her claim of forced sterilization, including a summons for violating Chinese birth control policies, a receipt for a fine paid because of such violations, and a "birth control registration card," signed by a Chinese doctor and sealed by a Chinese hospital, which states that Zhang was sterilized in January 1987. *See* R. at 283–88.

But if IIRIRA is retroactive, these documents and the allegation of forced sterilization they seemingly support become crucial, since as a result of IIRIRA adequate proof of forced sterilization has become sufficient in itself to presumptively support asylum. Accordingly, since the Government no longer objects to Magistrate Judge's determination that IIRIRA should be applied retroactively, it follows that the Immigration Judge has not yet addressed the central issue in the case and that the case must be reopened to enable her to do so. *See Hartooni v. INS*, 21 F.3d 336, 341 (9th Cir.1994) (stating that an Immigration Judge must "make clear findings

---

1. The comments appear to be based not on any assessment of Zhang's demeanor, but on Zhang's failure to refer, in an initial interview by INS agents, to some of the material facts on which her attorney premised her subsequent claim for asylum. *See* R. 138–39.

about [an asylum applicant's] specific claims."). No generalized, conclusory findings of lack of credibility can substitute for failure to make such a determination.

The Court has carefully considered the other objections raised by the Government and finds them to be without merit. Accordingly, the Court hereby incorporates by reference the Report and Recommendation of Magistrate Judge Frances, and for the reasons articulated therein and those set forth above, adopts his recommendation. Zhang's petition is granted and this case is remanded to the Immigration Judge for a determination of whether Zhang was in fact forcibly sterilized, presumptively entitling her to asylum under the IIRIRA. Clerk to enter judgment.

SO ORDERED.