Ming Tong SHI, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, United States Department of Justice, Executive Office for Immigration Review and Immigration and Nationalization Service, Respondents.

No. 02–4206.

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

Douglas B. Payne, New York NY, for Petitioner.

Danna Drori, Assistant United States Attorney (for James B. Comey, United States Attorney for the Southern District of New York; Kathy S. Marks, Meredith E. Kotler, Assistant United States Attorneys, of counsel), for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner is a citizen of the People's Republic of China who entered this country without inspection in 1992. In 1994, he filed an application for asylum. In 1999, an immigration judge, after denying his petition for asylum and his request to withhold removal, ordered Shi removed.[1] In 2002, the Board of Immigration Appeals

1. The denial of witholding of removal was not appealed; petitioner concedes that he does not meet the standard for such relief. *See* 8 C.F.R. § 208.16(b).

(BIA) summarily affirmed that decision. We hereby deny Shi's petition for review.

To obtain asylum under the Immigration and Nationality Act, a person must demonstrate that he is a "refugee" within the meaning of the Act, *i.e.*, that he is unable or unwilling to return to his country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). A person who has demonstrated that he has been subjected to past persecution is entitled to a rebuttable presumption that his fear of future persecution is well-founded. *See* 8 C.F.R. § 208.13(b)(1). For the purposes of the Act, coerced abortion or sterilization constitutes persecution on account of political opinion, and an individual whose spouse was forced to undergo a forced abortion or sterilization can establish past persecution on that ground. *See In re C–Y–Z*, 21 I. & N. Dec. 915, 918–19, 1997 WL 353222, 1997 BIA LEXIS 25, at *9–10, 12; *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 92 (2d Cir.2001).

An applicant seeking asylum "must present credible, specific, and detailed evidence-whether by her own testimony or corroborating proof-that a reasonable person in her position would fear persecution if returned to her native country." *Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999). We review the findings of the BIA under the "substantial evidence" test, and will affirm unless the evidence in the record would compel a reasonable factfinder to reach the opposite conclusion. *See Melgar de Torres v. Reno*, 191 F.3d 307, 312–13 (2d Cir.1999).

No such evidence exists here. Shi contends that on October 29, 1991, his wedding banquet was disrupted by "cadres" who charged him and his already pregnant wife, Ming Zhu Chen,[2] with violating marriage and birth control laws. He alleges that the cadres attempted to arrest him, threatened to force his wife to have an abortion, and fined him 15,000 renminbi (RMB). Shi testified that, fearing arrest, he fled on that day and did not return home. His mother, who still lives in China, purportedly told Shi later that the cadres took a television set, washing machine, refrigerator, and video recorder from his home, and informed Shi that the "frigate" still wanted to arrest him because he had pushed one of the officials who disrupted the wedding. He also testified that his wife was forced to undergo an abortion on October 18, 1992–approximately fifteen months from the time that Shi testified his wife had conceived.

The immigration judge found, based upon the evidence presented, that Shi's claims of past persecution were not credible. Shi contradicted himself as regards the fine. In his application for asylum he asserted that he was only threatened with a fine, the amount of which was 10,000 RMB. Later, in his testimony before the immigration judge he asserted that he was forced to pay a fine, and that the amount was 15,000 RMB. When asked, Shi failed to explain this discrepancy, testifying both that he had filled the form out correctly, and that the discrepancy might be because something was "missing" from the form. Second, the immigration judge found the claim that petitioner's wife underwent an abortion after fifteen months of pregnancy

**2.** We presume, without deciding, that Chen is Shi's "spouse" for the purposes of this provision, although he and his wife did not register

their marriage. Petitioner asserts they were not allowed to do so because they were too young to be legally wed.

to be "implausible and medically inconsistent." When questioned about the matter, petitioner offered no medical or other evidence to controvert this conclusion. Petitioner argues that the immigration judge erred by not citing authority to the effect that a gestational period of fifteen months is implausible. He, however, cites no authority suggesting that such a proposition must be supported in that way. Finally, Shi failed to provide corroborative evidence that the immigration judge had sought and which the judge determined was reasonably available to Shi. Specifically mentioned were photographs of his wedding that Shi conceded did exist.

The immigration judge and BIA were entitled to find the petitioner's claims not credible. Shi offers no other "compelling reason" that he should be granted asylum. 8 C.F.R. § 208.13(b)(1)(ii) (1999). We have considered all of petitioner's claims [3] and find them meritless. We therefore DENY the petition for review.

---

3. Petitioner also argues that the BIA's decision must be overturned because it was not adequately explained. The BIA affirmed summarily, noting that "The Board affirms, without opinion, the results of the decision below." Such summary affirmance is authorized by statute, 8 C.F.R. 3.1(a)(7) (2002); 8 C.F.R. § 1003.1(a)(7) (2003), and is permissible when an "immigration judge's decision below contains sufficient reasoning and evidence to enable us to determine that the requisite factors were considered." *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). The immigration judge's decision in this case meets this standard.