**Sai Jin ZHAO, Petitioner,**

**v.**

**John ASHCROFT, Attorney General of the United States, United States Department of Justice, Executive Office for Immigration Review, Immigration and Naturalization Service, Respondents.**

No. 02–4255.

United States Court of Appeals,
Second Circuit.

Sept. 15, 2003.

**38**

Douglas B. Payne, New York, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Kathy S. Marks, Assistant United States Attorney, Sara L. Shudofsky, Assistant United States Attorney, on the brief), for Respondent.

PRESENT: LEVAL, JACOBS, and POOLER, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 15th day of September, two thousand and three.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition is **DENIED.**

Sai Jin Zhao submits this petition to review an order of the Board of Immigration Appeals ("BIA") summarily affirming the denial of her application for asylum and withholding of deportation. The petition is denied.

The BIA may summarily affirm a decision by an immigration judge ("IJ") if the decision "contains sufficient reasoning and evidence to enable [the Court] to determine that the requisite factors were considered." *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). Here the IJ's decision contains sufficient reasoning and evidence to permit review of its conclusions.

We uphold factual findings concerning asylum eligibility if supported by substantial evidence. *Melgar de Torres v. Reno,* 191 F.3d 307, 312–13 (2d Cir.1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). The scope of our review is thus "exceedingly narrow." *Melgar de Torres,* 191 F.3d at 313 (citation and internal quotation marks omitted). And we defer to an IJ's credibility findings. *Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003). Here, the IJ found numerous evidentiary inconsistencies involving, *inter alia:* (1) documents submitted to establish Zhao's identity (including her birth and marriage certificates); testimony concerning the circumstances of her alleged forced sterilization and (3) the origin of her "household book"—the only document referring to her children. These evidentiary inconsistencies went to the heart of her asylum application. The IJ's refusal to credit Zhao's testimony based on these inconsistencies was reasonable, and his denial of her application was based on substantial evidence.