**Xiu Jin WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–4889.

United States Court of Appeals, Second Circuit.

Feb. 10, 2004.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Michael L. Tabak, Assistant United States Attorney, New York, NY, for Respondent.

Present: KEARSE, POOLER, Circuit Judges, and UNDERHILL, District Judge.*

## SUMMARY ORDER

Xiu Jin Wang submits this petition to review an order of the Board of Immigration Appeals ("BIA") summarily affirming the denial of her application for asylum and withholding of deportation. The petition is denied.

The BIA may summarily affirm a decision by an immigration judge ("IJ") if the IJ's decision "contains sufficient reasoning and evidence to enable [the Court] to determine that the requisite factors were considered." *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). Here the BIA's decision identifies the IJ's decision as the final agency determination and the IJ's decision contains sufficient reasoning and evidence to permit review of its conclusions.

We uphold factual findings concerning asylum eligibility if they are supported by substantial evidence. *Melgar de Torres v. Reno,* 191 F.3d 307, 312–13 (2d Cir.1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and internal quotations omitted). The scope of our review is thus "exceedingly narrow." *Melgar de Torres,* 191 F.3d at 313 (citation and internal quotation marks omitted). And we defer to an IJ's credibility findings. *Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir.2003). Here, the IJ identified a number of inconsistencies in

Wang's testimony as well as a number of inconsistencies between Wang's testimony and that of her husband. These inconsistencies involved the circumstances of her sterilization and thus went to the heart of her asylum application. The IJ's refusal to credit Wang's testimony based on these inconsistencies was reasonable, even considering only the inconsistencies in Wang's own testimony, and the IJ's denial of her application was based on substantial evidence. We therefore deny the petition for review.