**Zhong SHI, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent,**

No. 03–4319.

United States Court of Appeals, Second Circuit.

March 3, 2004.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Richard E. Rosberger, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (Sara L. Shudofsky, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, on the brief), for Respondent, of counsel.

PRESENT: STRAUB, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED and the order of the Board of Immigration Appeals is AFFIRMED.

Zhong Shi ("Shi"), a citizen of the People's Republic of China, petitions for review of a January 23, 2003 order of the Board of Immigration Appeals ("BIA"). The BIA summarily affirmed the October 9, 2001 decision of the immigration judge ("IJ") denying Shi's applications for asylum and withholding of removal under 8 U.S.C. §§ 1158(a) and 1231(b)(3)(A), and relief pursuant to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Familiarity is assumed as to the facts of this case, its procedural context, and the issues that have been raised for appellate review.

We review the BIA's factual findings under the substantial evidence standard and "reverse only if no reasonable factfinder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Where the BIA summarily affirms the decision of the IJ, we examine the factual findings made by the IJ. *See Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994).

To obtain relief, Shi must show that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Shi has not argued for relief before this Court on the ground of past persecution. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Were we to consider the matter, however, it seems clear that the IJ reasonably concluded that Shi's claims of being hit on the shoulder and of having his dishes broken did not demonstrate the kind of past persecution that would entitle him to relief. *See, e.g., Begzatowski v. INS*, 278 F.3d 665, 669 (7th Cir.2002) (noting that although the requisite persecution can be satisfied with "non-life threatening violence and physical abuse," the challenged behavior "must rise above mere harassment") (internal quotations omitted).

We also agree with the IJ that Shi failed to establish a well-founded fear of future persecution under 8 U.S.C. § 1101(a)(42)(A), which requires petitioners to present "proof or objective facts" to support their fears. *Melendez v. United States Dep't of Justice*, 926 F.2d 211, 215 (2d Cir.1991). For example, Shi failed to

present evidence to support his assertion that he would be imprisoned upon return to China, and Shi concedes that his family has not been harmed since he left China, suggesting that Shi's fears of the village chief may have been misplaced.

In order to qualify for political asylum, an alien must show that his persecution was not only political in nature, but was visited on him specifically as a result of his political opinions. *INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ determined that the injuries suffered by Shi were not "on account of" his political opinion as required by 8 U.S.C. § 1101(a)(42)(A). We find sufficient evidence in the record to support the IJ's determination that Shi's injuries were the result of a personal land dispute with the chief of his village and did not flow from any of Shi's political views or actions.

■ Finally, Shi has not made a sufficient showing that the IJ failed to fully develop the record. This Court has not specifically addressed the question of whether an IJ has an affirmative duty to develop the record of an asylum applicant who is represented by counsel. *See Qiu v. Ashcroft,* 329 F.3d 140, 156 (2d Cir.2003). In the present case, however, Shi failed to raise this argument before the BIA, and, in any event, has not adequately described additional evidence that should have been included in the record.

We have reviewed the remaining arguments raised on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the petition for review is hereby DENIED and the order of the Board of Immigration Appeals is AFFIRMED.