YU SHENG ZHANG, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Ashcroft, Respondent.

Docket No. 02–4395.

United States Court of Appeals, Second Circuit.

March 24, 2004.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Michael M. Krauss, Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney; Kathy S. Marks and Jeffrey S.

Oestericher, Assistant United States Attorneys, of counsel), New York, NY, for Respondent.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Yu Sheng Zhang, a citizen of China, seeks review of the July 22, 2002 order of the BIA, summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. By separate opinion filed today we reject Zhang's due process challenge to BIA streamlining regulations providing for such summary affirmance. In this summary order, we address his remaining arguments, finding them uniformly without merit.

An applicant seeking asylum must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Forced abortion or sterilization constitutes persecution on account of political opinion, and an individual whose spouse was forced to undergo an abortion or sterilization can himself claim past persecution on that ground. See In re C–Y–Z–, 21 I. & N. Dec. 915, 918–19, 1997 WL 353222 (BIA June 4, 1997); see also Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 92 (2d Cir. 2001). "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." Diallo v. INS, 232 F.3d 279, 285 (2d Cir.2000); see Jin Shui Qiu v. Ashcroft, 329 F.3d 140, 153 (2d Cir.2003) (noting that rejection for lack of corroboration requires IJ and

BIA to (1) identify particular corroborating evidence that is lacking and (2) show that such evidence was reasonably available to the petitioner). Further, if an applicant fails to establish eligibility for asylum, that necessarily precludes his satisfying the heavier burden for withholding of removal. See Abankwah v. INS, 185 F.3d 18, 22 (2d Cir.1999); see also Tian–Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir.2004).

### 1. BIA's Summary Affirmance

Zhang asserts that summary affirmance of an IJ order not only deprives him of due process; it constitutes an abuse of discretion by the BIA. Summary affirmance, however, is expressly authorized under INS streamlining regulations. See 8 C.F.R. § 3.1(a)(7)(ii) (2002) (re-codified at 8 C.F.R. § 1003.1(a)(7)(ii) (2003)). Even before the practice was codified, this court held summary affirmances permissible provided the IJ's decision "contains sufficient reasoning and evidence to enable [a reviewing court] to determine that the requisite factors were considered." Arango–Aradondo v. INS, 13 F.3d 610, 613 (2d Cir.1994). Because the IJ's decision in this case meets that standard, there is no merit to Zhang's claim of abuse of discretion.

### 2. Denial of Zhang's Application for Asylum and Withholding of Removal

■ Zhang submits that the IJ erred in concluding that he had not credibly supported his claim of asylum. We review the IJ's decision when the BIA summarily affirms that decision. See, e.g., Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003); Arango–Aradondo v. INS, 13 F.3d at 613. In doing so, we defer to the IJ's factual findings if they are supported by substantial evidence, Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003), af-

fording "particular deference" to credibility determinations, *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997); *see Jin Shui Qiu v. Ashcroft*, 329 F.3d at 146 n. 2. Under the substantial evidence standard, "we will not disturb a factual finding if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS*, 344 F.3d at 275 (quoting *Diallo v. INS*, 232 F.3d at 287). The scope of our review is thus "exceedingly narrow." *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999). We must uphold an administrative finding of fact unless we conclude that a "reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Applying this standard to the IJ's adverse credibility determination in this case, we cannot conclude that the record compels a contrary finding.

In support of his claim, Zhang asserted that soon after his wife gave birth to their first child in November 1986, Chinese officials forced her to submit to the insertion of an intrauterine birth control device ("IUD"). In mid–1993, the couple had the device removed in order to conceive another child. When, in October 1993, Zhang's wife discovered she was pregnant, she decided to go into hiding to avoid a government-compelled abortion. Soon thereafter, birth control authorities came to Zhang's home to check on why his wife had missed her IUD check-up. They warned Zhang that, if his wife was indeed pregnant, he must turn her over for an abortion. Fearing that the authorities would detain him to force such an abortion, Zhang fled China on November 29, 1993, leaving his pregnant wife and child behind. Thereafter, government authorities forced Zhang's wife to submit to an abortion and to the insertion of a second IUD.

The IJ found Zhang's account "neither consistent nor ... plausible as to certain salient and core issues." Decision Tr. at 6. For example, he noted that Zhang contradicted himself regarding his marriage date, testifying to August 1985 when an earlier affidavit listed the month as November. Asked to explain the inconsistency, Zhang replied that the dates were "almost the same." He then stated that he was married in 1986 before correcting himself and reiterating 1985. Although there was no dispute about Zhang being married, these discrepancies on a point about which Zhang might have been expected to testify consistently and without hesitation, coupled with his dismissal of the noted differences, reasonably raised concern in the IJ's mind as to whether Zhang was trying to report facts accurately.

The IJ further noted that Zhang was not responsive to certain inquiries pertaining to his wife's first IUD insertion. Zhang had sought to establish the involuntariness of this procedure, in part, through testimony that a neighbor had told him that his wife had been forcibly taken by authorities for an IUD insertion. The IJ asked him how the neighbor had known the authorities' purpose. While any number of explanations might have been given, Zhang failed to supply any, either not responding directly to the questions or contradicting earlier responses about the scope of his discussion with the neighbor. As a result, the IJ found his account "implausible." Decision Tr. at 8.

The IJ's suspicions about Zhang's credibility were reinforced by testimony that his wife submitted to a second IUD insertion in late 1993, a fact he failed to include in his asylum application. While such an omission, by itself, might not indicate fabrication, when an asylum claim relies on three specific invasive acts and the applicant omits one on his asylum application,

an IJ can weigh the omission as another troublesome factor relating to credibility.

The IJ identified another inconsistency between Zhang's testimony that his wife's last contact with birth control authorities was in late 1993 and his own documentary evidence indicating that mandatory birth control examinations continued into 1998. Here again, the discrepancy might have been dismissed given the context of Zhang's original testimony about the last 1993 contact. The problem, as the IJ observed, was that Zhang, at the very end of his testimony, curiously repeated that his wife was no longer in contact with government birth control officials, though the documents were to the contrary.

We also conclude that the IJ did not err in considering Zhang's failure to produce a corroborating affidavit from his wife in determining whether Zhang's testimony was credible. *See Diallo v. INS*, 232 F.3d at 290 (stating that the IJ can consider "the extent to which [the applicant's story] was corroborated" in determining whether the testimony was credible but noting that applicant's "simple failure to produce any particular documentary support cannot serve as the sole basis of an adverse credibility finding").

In sum, because the IJ's finding that Zhang was not credible on his claims of persecution finds reasonable support in the record, we are obliged to uphold the denial of his application for asylum and withholding of deportation.

### 3. Pattern and Practice Claim

■ Zhang also challenges the agency's failure to grant him asylum on the basis that he is one of a group of similarly situated individuals subjected to a pattern or practice of persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii) (providing that an applicant need not establish reasonable possibility that he will be subjected to persecution if he can show "a pattern or practice ... of persecution of a group of persons similarly situated to the applicant," and the applicant is a member of the group). Zhang's failure to raise this claim before the BIA precludes our review. *See* 8 U.S.C. § 1252(d); *see also United States v. Gonzalez–Roque*, 301 F.3d 39, 46 (2d Cir.2002). The statutory exhaustion requirement set forth in § 1252(d) is "mandatory, and courts are not free to dispense with [it]." *Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 94 (2d Cir.1998).

We have considered all of petitioner's claims and find them meritless. We therefore DENY the petition for review.