**Chang Ding ZOU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**Docket No. 02–4451.**

United States Court of Appeals, Second Circuit.

April 13, 2004.

Gang Zhou, New York, NY, for Petitioner.

David S. Rubenstein, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Kathy S. Marks, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, VAN GRAAFEILAND, and STRAUB, Circuit Judges.

### SUMMARY ORDER

■ Petitioner Chang Ding Zou appeals from the order of the Board of Immigration Appeals ("BIA") denying his application for asylum under the Immigration and Nationality Act, 8 U.S.C. § 1158. The BIA, affirming without opinion, agreed with the Immigration Judge's ("IJ") determination that Zou did not offer credible testimonial or persuasive documentary evidence in support of his claim. Where, as here, the BIA summarily affirms the IJ's decision as the "final agency determination," we review the IJ's decision directly. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003); Arango–Aradondo v. INS, 13 F.3d 610, 613 (2d Cir.1994).

The petitioner, a native of the People's Republic of China, contends that he suffered past persecution and has a well-founded fear of future persecution because the Chinese Government forced his wife to insert an IUD device into her uterus, fined the couple excessively for having three children, destroyed their home, detained them, and sterilized his wife. Zou, whose alleged wife and three children remain unharmed in China, further alleges that the Chinese Government took these actions to further its population control policies. The IJ and BIA rejected Zou's application for asylum, finding his documentary evidence and credibility to be insufficient to meet his burden to show his eligibility for asylum.

The scope of our inquiry is "exceedingly narrow." Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999). We accept the IJ's factual determinations as long as

they are supported by substantial evidence in the record. *See Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997). Accordingly, we "reverse only if no reasonable fact-finder could have failed to find … past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). To vacate the IJ's ruling, this court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). As the record contains substantial evidence to support the IJ's ruling, we affirm and dismiss the petition for review.

The IJ provided sufficient reasons for rejecting Zou's claim for asylum. He found, *inter alia*, that Zou failed to provide clear and convincing documentary evidence attesting to his identity, his marriage, his children's existence, his home's existence and destruction; that Zou was hesitant in answering questions going to the merits of his allegations; that Zou insufficiently explained inconsistencies between various affidavits submitted to the IJ and the Immigration and Naturalization Service; that Zou insufficiently explained material omissions in his earliest affidavit; and that Zou's version of events was not consistent with the documentary evidence he submitted. We agree that there is substantial evidence in the record for the IJ's adverse credibility determination against Zou and for the IJ's decision to deny Zou asylum.

We have carefully considered all of Zou's arguments and find them to be without merit. Those arguments and supporting materials raised for the first time in this court without being properly presented to the IJ or the BIA cannot be considered; our jurisdiction is limited to the

evidence in the record. *See* 8 U.S.C. § 1105a(a)(4)(1994); 8 U.S.C. § 1252(b)(4)(A)(2000); *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that the court of appeals "committed clear error" and "seriously disregarded the agency's legally mandated role" when it based its decision on information that had not been presented to the BIA).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DISMISSED**.