**Siyka KOSTADINOVA, Petitioner,**

v.

**John ASHCROFT, Respondent.**

**Docket No. 03–40269.**

United States Court of Appeals, Second Circuit.

Aug. 31, 2005.

Siyka Kostadinova, South Ozone Park, NY., for Petitioner, pro se.

Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, N.Y. (Kevin D. Robinson, Assistant United States Attorney,) for Respondent, of counsel.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Siyka Kostadinova ("Kostadinova"), a citizen of Bulgaria proceeding *pro se*, has filed a timely petition for review of a June 24, 2003 decision by the Board of Immigration Appeals ("BIA"). The BIA decision affirmed the April 2002 decision of an Immigration Judge ("IJ") denying Kostadinova's application for political asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3).[1] We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented in the petition for review.

██ Kostadinova argues on appeal that the Attorney General improperly and without notice converted the immigration judge's grant of voluntary departure into an order of deportation. The governing statute expressly provides for the expiration of orders of voluntary departure and

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

1. In the proceedings below, Kostadinova also requested withholding of removal pursuant to the Convention Against Torture ("CAT"), Dec.

10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. CAT relief was denied by the IJ and the BIA. Because her petition for review makes no mention of the CAT as a basis for relief, we deem that claim to be abandoned.

civil penalties for failure to depart. *See* 8 U.S.C. § 1229c(a)(2), (d). In the BIA's June 24, 2003 order, the agency notified Kostadinova of the consequences of failing to depart within the specified period. The order stated: "If the alien fails to depart the United States within the time period specified, or any extensions granted by the district director, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act." Kostadinova was thus explicitly informed of the consequences of her decision not to depart before the expiration of the order. Her appeal on this issue is therefore denied.

█ Kostadinova also argues that her counsel was ineffective in failing to file her asylum application in a timely manner, and in failing to explain to either the IJ or the BIA, where he again represented Kostadinova, that the petition was filed beyond the one year limit due to his negligence. The IJ granted the Government's motion to pretermit Kostadinova's asylum application and stated that the merits of her claim "will be reviewed in the context of an application for withholding of removal only," noting that such an application "has

a higher burden of proof." On a number of occasions, the IJ also cited the tardiness of Kostadinova's asylum application in her analysis of the merits of Kostadinova's removal claim, stating among other things that it contributed to "the inherent improbability of the respondent's story."

Ineffective assistance of counsel can constitute an "extraordinary circumstance" that permits the Attorney General to excuse an alien for failing to meet the one year filing requirement. 8 C.F.R. § 208.4(a)(5)(iii).[2] Although Kostadinova offers some supporting evidence with her petition,[3] she did not raise this claim with the BIA, for example, through a timely filed petition to reopen, and we therefore decline to address it here. *See Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994). We take no position on whether, in light of Kostadinova's timely petition to this Court, the BIA should, in the event Kostadinova now files a motion to reopen with the BIA, in its discretion waive the requirement that motions to reopen shall be filed within ninety days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i).

We have considered all of Kostadinova's remaining claims, and find them to be

---

2. The following three requirements apply in order for an alien to bring an ineffective assistance claim in front of the BIA:

   (A) The alien files an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard;
   (B) The counsel whose integrity or competence is being impugned has been informed of the allegations leveled against him or her and given an opportunity to respond; and
   (C) The alien indicates whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of

counsel's ethical or legal responsibilities, and if not, why not[.]
8 C.F.R. § 208.4(a)(5)(iii).

3. Kostadinova includes a receipt showing that she paid her counsel $3,000 on January 6, 2000, approximately two weeks before her time to file an asylum application expired. She also states that after her counsel realized his mistake, he offered to handle her BIA appeal for no charge; she includes a bill reflecting that this service was provided *gratis* as a "professional courtesy." Kostadinova notes that at her IJ hearing, her counsel asserted a claim of attorney-client privilege to a question about his advice to her regarding the time limit for her asylum application.

without merit. The petition for review is therefore **DENIED**.