Yi Xi ZHENG, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 03–40957AG.

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

Peter D. Lobel, New York, New York, for Petitioner.

Gregory A. White, United States Attorney, Vasile C. Katsaros, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

Present: LEVAL, STRAUB, and HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

GRANTED, the decision of the BIA is VACATED, and the case is remanded for further proceedings consistent with this decision.

Yi Xi Zheng, through counsel, petitions for review of the BIA order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). " 'Where the IJ's adverse credibility finding is based on specific examples in the record of ... contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.' " *Id.* (quoting *Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)).

Nevertheless, "the fact that the [IJ] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review," *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004), and "when a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard," *Secaida–Rosales,* 331 F.3d at 307. When rejecting an applicant's testimony, an "IJ must provide specific, cogent reasons for doing so," which "bear a legitimate nexus to the finding," and are "valid grounds for disregarding an applicant's testimony." *Id.* at 307 (internal quotations omitted). This

Court's review "is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhang,* 386 F.3d at 74.

Here, the IJ found that Zheng's applications did not refer to the insertion of the intrauterine device (IUD). Yet Zheng specifically stated in his 1997 application that his wife had been forced to implant an IUD. Further, although the IJ alluded to Zheng's proffered explanations for inconsistencies regarding the dates of his marriage registration and his children's birth, the IJ did not specifically address any of them, nor did he state his reasons for finding the explanations to be "not reasonable" and "not rational." Furthermore, while Zheng's asylum applications did not explicitly assert that his wife had been forcibly sterilized, Zheng testified that his attorney had failed to read the application back to him.

Lastly, the government concedes that Zheng's claim under the CAT must be remanded back to the IJ because the IJ failed to make *any* independent ruling with regard to the CAT claim.

For the foregoing reasons, the petition for review is GRANTED, the BIA's October 2003 decision is VACATED, and the case is remanded for further proceedings consistent with this decision.