**Jaime S. LUNA, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

No. 03–40292–AG NAC.

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Lynn Neugebauer, Safe Horizon Immigration Law Project, Jackson Heights, NY, for Petitioner.

Stephen J. Murphy, United States Attorney, Carolyn Bell Harbin, Assistant United States Attorney, Eastern District of Michigan, Detroit, MI, for Respondent.

PRESENT: CARDAMONE, ACOBS, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jaime Sabogal Luna ("Sabogal"), through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the decision of the BIA, the Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

In this case, the IJ denied relief because he found Sabogal not credible, and, in the alternative, because Sabogal failed to establish eligibility for asylum and withholding of removal. The IJ based the adverse credibility determination on the finding that Sabogal's hearing testimony was internally contradictory, and that statements made during his airport interview were inconsistent with claims made at his credible fear interview and during his hearing. The inconsistencies on which the IJ relied provide "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307. Further, applying the factors laid out in *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–81 (2d Cir.2004), we are satisfied that the IJ had an accurate record of Sabogal's interview and that the interview was not conducted under coercive or misleading circumstances.

The IJ's adverse credibility finding is substantially supported by the record. Because we see no error in the adverse credibility finding, it is unnecessary to review the eligibility finding, and the IJ's denial of relief must stand. The petition for review is, therefore, denied.