**Ayman Youssef Saad WEISA,**
**Petitioner,**

v.

**Alberto R. GONZALES** [1] **Attorney General, Board of Immigration Appeals, Respondent.**

**Docket No. 04–1618–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

Howard M. Rosengarten, New York, New York, for Appellant.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Charles A. Eberle, Assistant United States Attorney, Pittsburgh, Pennsylvania, for Appellee.

PRESENT: STRAUB, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Ayman Youssef Saad Weisa, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the opinion of the BIA, we review the IJ's decision directly where, as here, the BIA summarily adopted or affirmed the decision without opinion. *See Arango–Aradano v. INS,* 13 F.3d 610, 613 (2d Cir.1994). We review an IJ's factual findings for substantial evidence and application of law to facts *de novo. See* 8 U.S.C. § 1252(b)(4)(B); *Diallo v. Ashcroft,* 232 F.3d 279, 286–88 (2d Cir.2000); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Irrespective of the IJ's findings with respect to the one-year bar on asylum

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

claims, we conclude that the IJ's determination that Weisa is otherwise ineligible for relief to be supported by substantial evidence in the record as a whole. At his hearing, Weisa testified that his mistreatment on account of his religious beliefs included (1) having fewer opportunities in his teaching occupation than his Muslim peers, (2) being hit and knocked unconscious by his classmates for eating during a Muslim religious fast, (3) being required to pay a property or income tax, along with many other Muslim farmers and (4) being forced to kick a statue of Jesus.

First, we find that the IJ reasonably concluded that these acts of harassment, while very unfortunate, are not so egregious as to constitute persecution, either individually or in the aggregate. We further find that the IJ reasonably concluded that the record evidence was insufficient to establish that Weisa was persecuted on account of his religious beliefs. Other than two relatively minor incidents, Weisa presented nothing to prove that he was treated differently than others in his community at the time. Finally, we conclude that the IJ properly determined that Weisa failed to establish that he is more likely than not to be tortured if he returns to Egypt. Although Weisa provided some background country materials to the court illustrating discrimination and violence against Coptic Christians such as himself in Egypt, he failed to provide sufficient evidence to establish that it was more likely than not that he will be singled out for torture if he returns to Egypt.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).