**YI GAN LI, Petitioner,**

v.

**John ASHCROFT, Respondent.**

**Docket No. 03–4259.**

United States Court of Appeals, Second Circuit.

April 12, 2004.

Thomas V. Massucci, New York, NY, for Petitioner.

Michael R. Holden, Assistant United States Attorney for the Southern District of New York, New York, N.Y. (Kathy S. Marks, Assistant United States Attorney,

of counsel, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), for Respondent.

PRESENT: OAKES, STRAUB, Circuit Judges, and POLLACK,[1] District Judges.

### SUMMARY ORDER

Yi Gan Li ("Li"), a citizen of the People's Republic of China, petitions for review of a January 14, 2003 decision of the Board of Immigration Appeals ("BIA"). In that decision, the BIA summarily affirmed the November 4, 1998 decision of the immigration judge ("IJ") denying Li's applications for asylum and withholding of deportation under the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231, respectively, and ordering Li deported from the United States. Familiarity is assumed as to the facts of this case, its procedural context, and the issues that have been raised for appellate review.

We review the BIA's factual findings under the substantial evidence standard and "reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Where the BIA summarily affirms the decision of the IJ, we examine the factual findings made by the IJ. *See Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). To obtain relief, Li must show that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

---

Li claims that as a result of his participation in student demonstrations at Fuzhou University, he was subjected to economic disadvantage. *See Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (recognizing that "economic deprivation may constitute persecution"). In particular, he asserts that he was threatened with expulsion from high school and was, on more than one occasion, denied entrance into college despite having passed the requisite entrance exams. He also claims that he was denied a business license when he attempted to open a small restaurant.

We agree with the IJ that, even assuming that Li's claims of economic deprivation are true, they do not demonstrate the kind of "deliberate imposition of substantial economic disadvantage" required for relief. *Id.* (internal quotation marks omitted). Li also failed to present evidence to "make it possible for us to evaluate his personal financial circumstances in relation to" his alleged economic deprivation. *Id.* Having failed to satisfy the requirements for asylum, Li "has necessarily failed to satisfy the requirements for withholding of return." *Zhang v. Slattery*, 55 F.3d 732, 738 (2d Cir.1995).

Having reviewed all of Li's arguments raised on appeal, we find them to be without merit. Accordingly, for the foregoing reasons, the petition for review is hereby DENIED and the order of the Board of Immigration Appeals is AFFIRMED.