**Qing LIN, Petitioner,**

v.

**ATTORNEY GENERAL,
USA, Respondent.**

No. 02–4584.

United States Court of Appeals,
Second Circuit.

Feb. 9, 2005.

Yong Wang, New York, N.Y. (on submission), for Petitioner.

Thomas A. Capezza, Assistant United States Attorney, Syracuse, NY, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Albany, N.Y. (on submission), for Respondent.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

## SUMMARY ORDER

Qing Lin ("Lin"), a citizen of the People's Republic of China, appeals a September 17, 2002 order of the Board of Immigration Appeals ("BIA"), summarily affirming a March 20, 2001 decision of an Immigration Judge ("IJ"), that: 1) denied Lin's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952 ("INA"), as well as Lin's request for relief under the Convention Against Torture ("CAT"); and 2) ordered Lin's removal from the United States. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Lin argues that the denial of her asylum application was based upon the IJ's erro-

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of    New York, sitting by designation.

neous rejection of her claims of past persecution and, in particular, the IJ's unfounded adverse credibility determinations. "We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. Immigration and Naturalization Service*, 232 F.3d 279, 287 (2d Cir.2000)); *see also Secaida–Rosales v. Immigration and Naturalization Service*, 331 F.3d 297, 305 (2d Cir.2003) (reviewing directly the ruling of the IJ where the BIA summarily affirmed that ruling and the IJ's decision was "sufficient to allow for review"). Under a review for substantial evidence, an IJ's credibility assessments, as adopted by the BIA, are accorded "particular deference." *Montero v. Immigration and Naturalization Service*, 124 F.3d 381, 386 (2d Cir.1997).

Here, the IJ made adverse credibility determinations with respect both to Lin's testimony, and to the numerous documents submitted by her to corroborate her claims. We believe that the IJ's findings, that certain aspects of Lin's testimonial and documentary presentation were unreliable, were based on sufficiently specific and cogent grounds to justify the conclusion that the totality of Lin's evidence of past persecution was incredible. Therefore, the denial of Lin's application was supported by substantial evidence.

In light of this conclusion, we find no merit to Lin's claim that the IJ improperly denied her discretionary relief under 8 C.F.R. § 208.13(b)(1)(iii). Nor, under the circumstances, did the BIA err in summarily affirming the IJ's determination. *See* Executive Office for Immigration Review: Board of Immigration Appeals

Streamlining, 64 Fed.Reg. 56,135, 56,135–36 (Oct. 18, 1999); *Zhang v. United States Department of Justice*, 362 F.3d 155, 157 (2d Cir.2004) (finding that the BIA's "streamlining" regulations providing for one-member summary affirmance of IJ decisions do not deprive asylum applicants of due process); *Arango–Aradondo v. Immigration and Naturalization Service*, 13 F.3d 610, 613 (2d Cir.1994) (holding before issuance of the BIA's streamlining regulations that summary affirmance was proper where the IJ's decision contained sufficient reasoning to permit judicial review).

We have considered all of the Lin's contentions on appeal and find them to be without merit. Accordingly, the judgment of the Board of Immigration Appeals is AFFIRMED. The outstanding motion for a stay of removal is DENIED.