**HOW FONG FU, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–40787.

United States Court of Appeals, Second Circuit.

June 14, 2005.

Jim Li, New York, NY, for Petitioner.

Brent I. Anderson, Assistant United States Attorney, District of Kansas, Wichita, KS (Eric F. Melgren, United States Attorney, District of Kansas, on the brief), for Respondent.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

How Fong Fu petitions for review of a October 6, 2003 order of the BIA summarily affirming the decision of the IJ. The IJ: (1) denied Fu's application for asylum and withholding of removal pursuant to the Immigration and Nationality Act of 1952, 8 U.S.C. §§ 1158, 1231(b)(3); (2) denied Fu relief under the United Nations Convention Against Torture ("CAT"); and (3) ordered Fu's removal from the United States to China. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

Fu argues first that the IJ erred in concluding that she was not credible. We review the IJ's credibility finding under the substantial evidence standard. *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (*per curiam*). This Court "must uphold an administrative finding of fact unless we conclude that a reasonable adjudicator would be compelled to conclude to the contrary." *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004). The BIA's decision must be affirmed unless the evidence "presented was so compelling

that no reasonable fact finder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). For reversal, the evidence in the record must "not only *support* [ ] th[e] conclusion [that the applicant is eligible for asylum], but *compel* [ ] it." *Id.* at 481 n. 1, 112 S.Ct. 812 (emphasis in original). As the BIA here summarily affirmed the IJ, we review the decision of the IJ as if it were that of the BIA. *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004) (*per curiam* ).

Fu argues that the adverse credibility finding on which the IJ relied in denying her asylum and withholding of removal rested on inappropriate speculation as to the timing and planning of her pregnancies, contrary to our holding in *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We disagree. The IJ's adverse credibility determination was chiefly supported by the inconsistency between her airport claim and her application, irregularities in the documentary records she presented, and the insufficiency of her uncorroborated testimony. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004).

The IJ's adverse credibility finding was supported by substantial evidence. Fu's asylum application was therefore appropriately denied. As Fu's asylum claim fails, so must her withholding of removal claim. *See Zhou Yun Zhang,* 386 F.3d at 71 ("Because the two forms of relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."); *Wu Biao Chen,* 344 F.3d at 276.

Fu next argues that the BIA erred in summarily affirming the decision of the IJ. The BIA can adopt the IJ's decision as the "final agency determination" under 8 C.F.R. § 1003.1(e)(4)(ii). All that is required is that the IJ's decision "contains sufficient reasoning and evidence to enable [this Court] to determine that the requisite factors were considered." *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir. 1994). Here, the IJ's decision meets that standard.

We have considered all of Fu's claims and find them to be without merit. For the reasons set forth above, Fu's petition for review is hereby **DENIED**.