**Riaz AHMAD, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, by its DISTRICT DIRECTOR AT NEW YORK, NEW YORK, Executive Office for Immigration Review, Respondent.**

Docket No. 01–4069.

United States Court of Appeals,
Second Circuit.

July 16, 2002.

Jack Sachs, New York, NY, for Petitioner.

Megan L. Brackney, Assistant United States Attorney, New York, N.Y. (James B. Comey, United States Attorney for the Southern District of New York, Kathy S. Marks, Sara L. Shudofsky, Assistant United States Attorneys, on the brief), for Respondent.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** the judgment of the Board of Immigration Appeals be **AFFIRMED.**

Riaz Ahmad, a citizen of Pakistan, petitions this Court for review of a March 30, 2001 decision of the Board of Immigration Appeals ("BIA"), pursuant to section 106(a) of the Immigration and Nationality Act of 1952, as amended (the "INA" or "Act"), 8 U.S.C. § 1105(a) (1994).[1] The BIA dismissed Ahmad's appeal from the order of an immigration judge ("IJ"), which denied Ahmad's motion to reopen his deportation proceedings ("motion to reopen") in order to apply for adjustment of status, pursuant to section 245 of the Act, based on his marriage to a United States citizen during the pendency of the deportation proceedings.

The motion to reopen was denied on the basis that it was untimely under 8 C.F.R. § 3.23(b)(1), and alternatively, because [A] Ahmad failed to submit proper documentation along with his motion to reopen as required by 8 C.F.R. § 3.23(b)(3); and [B] Ahmad's unexcused failure to comply with a voluntary order of departure entered on December 3, 1996, prevented him from establishing a *prima facie* case of eligibility for adjustment of status, which was required for him to prevail on a motion to reopen.

We review the denial of the motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Where, as here, the BIA adopted and summarily affirmed

---

1. Although repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C, Title III, Pub.L. No. 104–208, § 306(b), 110 Stat. 3009–612, section 106 of the INA, 8 U.S.C. § 1105a (1994), as modified by certain "transitional changes in judicial review," governs judicial review of final deportation orders, like Ahmad's, that were issued on or after October 30, 1996. *See* IIRIRA § 309(c)(4), 110 Stat. 3009–626 (1996); *Henderson v. INS,* 157 F.3d 106, 117 (2d Cir.1998), *cert. denied,* 526 U.S. 1004, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999).

the IJ's opinion, this Court should treat the IJ's reasoning as the BIA's reasoning, and review the IJ's decision for abuse of discretion. *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). We have considered all of Ahmad's contentions on this petition, and we find no abuse of discretion.

Ahmad does not address the timeliness of the motion. The motion to reopen, filed on March 27, 1997, was properly denied as untimely pursuant to 8 C.F.R. § 3.23(b)(1), because it was not filed within 90 days of the date of entry of a final administrative order of deportation, which in this case was the December 3, 1996 order of voluntary deportation.

Given the low likelihood of Ahmad's eligibility for adjustment of status, we cannot say it was an abuse of discretion for the IJ to dismiss his motion to reopen for untimeliness.

For the foregoing reasons, Ahmad's petition for review is hereby **DENIED.**