Riaz AHMAD, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States,* Respondent.

Docket No. 03–40324.

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Michael P. Diraimondo, (Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, of counsel), Diraimondo & Masi LLP, Melville, NY, for Petitioner.

Fed. R.App. P. 43(c)(2).

Paul S. Weidenfeld, Assistant United States Attorney (Diane Hollenshead Copes, Assistant United States Attorney, of counsel, Jim Letten, United States Attorney for the Eastern District of Louisiana, on the brief), United States Attorney's Office for the Eastern District of Louisiana, New Orleans, LA, for Respondent.

PRESENT: MCLAUGHLIN, CABRANES Circuit Judges, and MUKASEY, District Judge.**

### SUMMARY ORDER

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Riaz Ahmad, a native and citizen of Pakistan, petitions this Court for review of a July 2, 2003 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen immigration proceedings on the grounds that (1) petitioner's application was untimely and (2) petitioner failed to demonstrate a likelihood of success if the proceedings were reopened.

On a previous occasion, we reviewed a similar claim by petitioner, holding that it was not an abuse of discretion for the IJ to dismiss petitioner's motion to reopen for untimeliness. See Ahmad v. U.S. INS, 39 Fed.Appx. 681, 682 (2d Cir.2002). On January 31, 2003—six months after we last considered petitioner's case, and more than six years after petitioner, upon consultation with his attorney, withdrew his initial application for asylum and withholding of deportation and instead made a

request for voluntary departure—petitioner filed a new motion to reopen, this time alleging ineffective assistance of his prior counsel in advising him to seek voluntary departure.[1]

We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen "are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence." INS v. Doherty, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). A motion to reopen ordinarily must be filed within ninety days of the entry of the final decision in the underlying proceeding. See 8 C.F.R. § 1003.2(c)(2). This provision may be subject to equitable tolling provided that the petitioner has "pass[ed] with reasonable diligence through the period [he] seeks to have tolled." Iavorski v. U.S. INS, 232 F.3d 124, 134 (2d Cir.2000) (quoting Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir.1996)). While ineffective assistance of counsel may, under certain circumstances, provide a sufficient basis for equitable tolling, "an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." Id. at 135. Upon our review of the record and of the July 2, 2003 order issued by the BIA, we hold that the BIA did not abuse its discretion in determining that (a) petitioner's motion to reopen immigration proceedings is untimely, and that (b) petitioner, by raising an ineffective assistance of counsel claim for the first time more than

---

** The Honorable Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

1. Petitioner also alleges that the second attorney he retained provided ineffective assistance of counsel by failing to file a timely motion to reopen in March 1997, causing this motion to be summarily dismissal by an IJ in February 2000.

six years after the alleged misconduct, "failed to exercise due diligence in this case." Accordingly, we need not address the remainder of petitioner's contentions concerning the likelihood of success on the merits of his ineffective assistance of counsel claim.

\*    \*    \*    \*    \*    \*

Having considered all of petitioners' arguments and found each of them to be without merit, we **DENY** the petition for review.