**Yi Feng JIANG, Petitioner,**

v.

**Alberto GONZALES,[1] Respondent.**

**Docket No. 03–40661–AG.**

United States Court of Appeals, Second Circuit.

Oct. 18, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(E)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Norman Kwai Wing Wong, Law Offices of Norman Kwai Wing Wong, New York, New York, for Appellant.

Pierre C. Talbert, Assistant United States Attorney, Office of the United States Attorney for Northern District of Illinois (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, James P. Fleissner, Assistant United States Attorney, Chief of Appeals, Criminal Division, Carole J. Ryczek Assistant United States Attorney, on the brief), Chicago, Illinois, for Appellee.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied and the decision of the BIA be and it hereby is AFFIRMED.

Yi Feng Jiang, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

Although judicial review is ordinarily confined to the decision of the BIA, this Court reviews the IJ decision where, as in

this case, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) *(per curiam).* The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). " 'Where the IJ's adverse credibility finding is based on specific examples in the record of . . . contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.' " *Id.* (quoting *Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)).

█ In this case, the IJ's adverse credibility determination is substantially supported by the record as a whole. As the IJ correctly pointed out, Jiang provided inconsistent dates for his wife's pregnancy and the birth of his son, there were inconsistencies between Jiang's testimony regarding the county of his son's birth and the notarial birth certificate provided in support of his claims, and, finally, Jiang provided no credible evidence to support his claims regarding his wife's pregnancy and forced IUD insertion.

█ Pursuant to 8 C.F.R. § 1003.1(e), a BIA board member may affirm the IJ decision without opinion when the board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and either (2) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (3) the issues raised on appeal "are not so substantial that the case warrants the issue of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B). In this case, because the IJ decision did not contain any material errors, and because the IJ correctly determined that Jiang lacked credibility in regard to his application for asylum, the BIA did not err in declining to issue a written opinion. In his brief, Jiang correctly points out that the issue of whether a forced IUD insertion qualifies an individual for refugee status under the Illegal Immigration Reform and Immigrant Responsibility Act is one of first impression in this Court. It would be useful for the BIA to address this issue, both as it pertains to the woman directly involved and any spouse, fiancé, or boyfriend presenting a derivative claim. *See Lin v. United States Dep't of Justice,* 416 F.3d 184, 192 (2d Cir.2005). However, because Jiang lacked the requisite credibility to support his asylum claim, the BIA did not err in declining to consider whether that claim, based on his wife's forced IUD insertion, qualified Jiang for refugee status.