**Zhou Zhong LIN, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

No. 03–4282–AG.

United States Court of Appeals,
Second Circuit.

Nov. 21, 2005.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Yong Wang, New York, New York, for Petitioner.

Susan W. Berry, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Civil Division, Ethan B. Kanter, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondent.

PRESENT: WALKER, Chief Judge, CABRANES, and POOLER, Circuit Judges.

### SUMMARY ORDER

Zhou Zhong Lin, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). The IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Where the BIA's "'adverse credibility finding is based on specific examples in the record of ... contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.'" *Id.* (quoting *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004)).

In this case, the IJ's credibility determination was substantially supported by the evidence as a whole. The credibility determination was based on specific examples in the record of Lin's omission of his wife's forced abortion and the 2000 RMB fine imposed on his family from his testimony during his 1992 immigration hearing. Accordingly, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong*, 406 F.3d at 111. Because Lin is ineligible for asylum, the IJ properly concluded that he could not meet the higher burden of establishing eligibility for with-

holding of removal. *See Secaida–Rosales,* 331 F.3d at 306. Furthermore, with regard to the CAT claim, Lin failed to prove that "it is more likely than not that he . . . would be tortured if removed to [China]," *see* 8 C.F.R. § 208.16(c)(2), and therefore, he is not eligible for CAT relief.

We have considered all of the petitioner's claims and find them to be without merit. Assuming we have jurisdiction to determine whether the BIA improperly used its expedited review procedure, *see* 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B), we find that expedited review was proper in this case. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.