**LIAN QUN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3183–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Douglas B. Payne, New York, New York, for Petitioner.

Terrell L. Harris, United States Attorney for the Western District of Tennessee, Memphis, Tennessee; Gary A. Vanasek, Assistant United States Attorney, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Lian Qun Lin, through counsel, petitions for review of the BIA order affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*); *Arango–Aradondo v. INS*, 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

■ In this case, the IJ's factual and credibility determinations were substantially supported by the record as a whole, which indicates that Lin testified inconsistently regarding his termination from work and implausibly regarding Chinese officials' knowledge of his wife's pregnancy.

The IJ's finding that Lin's testimony is inconsistent with the background materials is also supported by the record, specifically, the State Department Profile of China, which indicates no evidence of forced abortions of illegitimate children or children of couples with an early marriage in Fujian Province. While an IJ must not place "excessive reliance" on Department of State reports in discrediting contrary evidence presented by the applicant, *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004), no such concern arises in this case where the IJ considered the State Department Profile simply as one factor among other inconsistencies and implausibilities that undermined Lin's credibility. To the extent the Amnesty International report, which states that "[a]bortions are mandatory for unmarried women," appears at odds with the State Department Profile, that report does not indicate whether it includes women who have undergone a traditional, albeit unauthorized marriage, within its class of unmarried women. In any event the IJ was not required to conclude that this report was more accurate than the State Department profile.

■ Substantial evidence also supports the IJ's finding that, even if Lin's testimony had been found credible, Lin has not met the standard for past persecution. As the IJ observed, Lin testified that neither he nor his wife were ever arrested, detained, or fined, much less that his wife was ever forced to submit to an abortion, or that either of them were sterilized. Although damage was reportedly done to their home, one such incident of property damage would not amount to persecution. *See Guan Shun Liao v. Uunited States Dep't of Justice*, 293 F.3d 61, 69–70 (2d Cir.2002).

■ Lin also failed to establish a well-founded objective fear of future persecution. While Lin testified as to a subjective fear that he would be arrested and incarcerated for labor re-education if he returned to China, and that both he and his wife would be sterilized, the fact that neither he nor his wife was arrested in the past, that Lin obtained a passport to leave China without difficulty, that his wife was able to give birth to their daughter in a public hospital without interference from family planning officials, and that neither she nor members of the couple's family suffered any adverse consequences after Lin left China, indicate that such fear is not objectively reasonable.

To the extent that Lin failed to satisfy the lower burden of proof required for asylum, he consequently failed to satisfy the clear probability standard of eligibility required for withholding of removal. With respect to Lin's claim of relief under the CAT, Lin appealed only the IJ's decision as to his asylum and withholding of removal claims. *See* Petitioner's Brief. Because Lin did not exhaust his administrative remedies with regards to this issue, this Court lacks jurisdiction to review the CAT claim. 8 U.S.C. § 1252(d)(2)(2000).

For the foregoing reasons, the petition for review is DENIED.