130

**Yan Fang WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General,[1] Respondent.**

**No. 03–41091–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

David X. Feng, New York, New York, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, R. David Powell, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

Present: Hon. Dennis JACOBS, Hon. Robert A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yan Fang Wang, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") decision which affirms an immigration judge's ("IJ") holding that denies her relief through asylum, withholding of removal and Article 3 of the Convention Against Torture ("CAT"). We assume the parties' famil-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

iarity with the underlying facts and procedural history.

■ "[A] court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Whether the cause for the failure to exhaust is an applicant's failure to file an appeal with the BIA, or her failure to present the "discrete issue" later raised in a petition for review, this Court lacks jurisdiction over such unexhausted issues. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Here, Wang failed to raise the issue of her CAT denial before the BIA. Therefore, this Court does not have jurisdiction to review that decision.

The Court reviews an IJ's decison where, as here, the BIA adopts or affirms that decision. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ In this case, the IJ's factual and credibility determinations were substantially supported by the record as a whole. These determinations were based upon (1) the Wang's demeanor in giving non-responsive answers to simple direct questions, (2) the implausibility of her claim that her parents were ambivalent to her live-in boyfriend, (3) her frequent inconsistent statements, as evidenced by her conflicting testimony about where she lived following her alleged abortion, (4) the numerous facts she testified to at her oral hearing but omitted from her asylum application, such as the fine levied against her, her pregnancy and her forced abortion, and (5) her insufficient explanations for the discrepancies in her written and oral statements, namely that she was nervous, that she did not think the omissions or inaccuracies were important and that she did not have an answer for why the discrepancies existed.

For the foregoing reasons, the petition for review is DENIED. In making his credibility determinations, the IJ used cogent and specific examples from the record. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).