**Mushleh Ali Saad AL–NASARI,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General Respondent.**

No. 05–4743–ag.

United States Court of Appeals,
Second Circuit.

May 11, 2006.

M. Nawaz Wahla, Hartford, Connecticut, for Petitioner.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, Edmund A. Booth, Jr., First Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 11th day of May, two thousand and six.

UPON DUE CONSIDERATION, of this petition for review of the Board of Immigration Appeals ("BIA") decision it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Mushleh Ali Saad Al–Nasari, a native and citizen of Yemen, filed an application for asylum, withholding of removal and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ The IJ denied petitioner's asylum application because he failed to prove that this application was filed within one year of his arrival in the United States. Although petitioner argues that he should have been granted asylum, he does not challenge the one-year bar determination in his brief to this Court, and therefore waives any such challenge. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Since that determination is dispositive to the asylum claim, this Court has no basis to disturb the IJ's denial of asylum.

■ Substantial evidence supports the IJ's finding that petitioner's testimony regarding the shooting and the attack on his home did not describe actions that rose to the level of persecution. The IJ was correct in determining that, although he was riding in a car that was fired upon, there was no evidence that petitioner was the target of the attack. Moreover, the IJ noted that there was no evidence of who perpetrated the attacks. Furthermore, the IJ reasonably determined that there

was no evidence of who allegedly attacked petitioner's home or, if he was even at home at the time of the attack. While these events are troubling, a reasonable fact-finder would not be compelled to conclude that they constituted political persecution. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 181 (2d Cir.2006).

Petitioner did not challenge the IJ's finding that merely being a member of the Sabah tribe did not establish a clear probability of persecution. Instead, petitioner framed his entire argument on the basis of his past persecution claim. Because the IJ reasonably found that petitioner did not suffer past persecution in Yemen, there was no presumption of a future threat of persecution. Petitioner did not set forth any arguments in his brief to refute the IJ's decision that there was no objective likelihood of future persecution sufficient to meet the standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Petitioner has also failed to challenge the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang,* 426 F.3d 540, 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).