*75
SUMMARY ORDER

Hua Rui Zhu, a native and citizen of the People’s Republic of China, seeks review of an April 17, 2008 order of the BIA denying his motion to reopen his removal proceedings. In re Hua Rui Zhu, No. A77 340 250 (B.I.A. Apr. 17, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As a preliminary matter, to the extent Zhu asserts that his prior counsel was ineffective, we decline to address that unexhausted claim.[1] See Arango-Aradondo v. INS, 13 F.3d 610, 614-15 (2d Cir.1994); Yi Long Yang v. Gonzales, 478 F.3d 133, 142 (2d Cir.2007).
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). An alien may file only one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially “changed circumstances arising in the country of nationality.” 8 C.F.R. § 1003.2(e)(3)(ii). Here, the BIA did not abuse its discretion in denying Zhu’s motion to reopen, which was indisputably untimely. See 8 C.F.R. § 1003.2(c)(2). Zhu argues, however, that he met an exception to the time limit by establishing changed country conditions, to wit, that since the prior proceedings, authorities had made renewed efforts to persecute him based upon his Christianity. In support of that claim, Zhu submitted his own statement, his father’s letter, and a purported village committee notice. The BIA declined to credit any of that evidence, and ultimately denied Zhu’s motion, based on the IJ’s prior, unchallenged adverse credibility determination. That decision was not an abuse of discretion. We have found that the BIA may reasonably decline to accord probative weight to unauthenticated documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant’s asylum hearing. Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007); see also Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007) (“[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence.”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Zhu concedes, as he must, that this Court may not reach the IJ's prior adverse credibility determination as only the BIA's April 2008 decision is properly before us. See 8 U.S.C. § 1252(b)(1).