Cui v. Lynch

BIA
Sichel, IJ
A099 934 507

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand fifteen.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XIANGLAN CUI,
> *Petitioner,*

    v.              13-2470
                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,<sup>*</sup>
> *Respondent.*

_____

FOR PETITIONER:       Jim Li, Flushing, New York.

---

<sup>*</sup>Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR RESPONDENT:**                    Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; John M. McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xianglan Cui, a native and citizen of China, seeks review of a May 28, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") March 25, 2010, decision, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xianglan Cui*, No. A099 934 507 (B.I.A. May 28, 2013), *aff'g* No. A099 934 507 (Immig. Ct. N.Y. City Mar. 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Cui's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on inconsistencies in and between Cui's testimony and documentary evidence: (1) Cui testified that she was interviewed by the Chinese Democracy and Justice Party ("CDJP") about the treatment and education of ethnic Koreans in China, but the only interview transcript submitted to the IJ did not reflect discussion of those topics; (2) she testified that Chinese public security

3

officials visited her husband in China four times, contradicting both an earlier statement and her application, which listed only three visits; (3) the interview transcript references the officials' visits, but she testified that it occurred at the latest in January 2007, prior to the first visit in April 2007; and (4) she submitted copies of income tax returns for the years 2006 to 2009, but testified that she filed only one tax return and only one was stamped by the IRS.

The IJ reasonably rejected Cui's explanations for these inconsistencies. Cui asserts that she was confused about the date and content of the transcribed interview because she had participated in numerous interviews, but she testified that she did only two recordings and discussed ethnic Koreans in both. She also suggests that the Government's questioning was confusing, but the record reflects that the Government clarified its questions. As to her failure to mention the fourth police visit, Cui explained that she paused after listing the dates of the first three visits to allow the interpreter to translate, but she did not explain why she stopped mid-answer or immediately thereafter mention the fourth visit, or why her

4

application did not list that fourth visit.  Because Cui's explanations conflict with the record, the IJ reasonably found that the inconsistencies called Cui's credibility into question.  *See Xiu Xia Lin*, 534 F.3d at 167; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an IJ need not credit an explanation for an inconsistency unless the explanation would compel a reasonable fact finder to do so).

In light of these inconsistencies, the IJ was entitled to consider Cui's failure to provide the following relevant, reasonably available evidence as further bearing on her credibility: copies of three of the four CDJP articles Cui published and an affidavit from her husband to corroborate her activism and the officials' visits.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).  During her hearing, Cui testified that she did not proffer the articles because she published them after the December 2007 deadline for evidence and they were readily available online.  However, the IJ reasonably rejected this explanation given that she provided a copy of her first article, she could have requested an extension, and it was her burden to produce evidence of her eligibility for relief.  *See* 8 U.S.C. § 1158(b)(1)(B).  Nor was the IJ

5

compelled to credit her explanation that she did not ask her husband for an affidavit for fear it would endanger him, because she testified that the public security officials *ordered* her husband to communicate their threats. Cui for the first time challenges her attorney's failure to request more time to file. We decline to reach this unexhausted claim; ineffective assistance claims should first be considered by the BIA. *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994). Given the inconsistencies and failure to provide reasonably available evidence, the IJ reasonably found that Cui lacked credibility. *See Xiu Xia Lin*, 534 F.3d at 167.

Given Cui's lack of credibility, the only evidence supporting her application was her fellow CDJP member's testimony, a CDJP membership certificate, the interview transcript, her first article, and photographs of Cui from the CDJP website. None of this evidence resolves her credibility problems because it does not demonstrate that the Chinese government is aware of her alleged political activities. "[I]n order to establish eligibility for relief based exclusively on activities undertaken after [her] arrival in the United States, an alien must make some showing that authorities in [her] country of nationality are

(1) aware of [her] activities or (2) likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008) (per curiam). Nor did the other evidence satisfy Cui's burden. The evidence of Cui's CDJP membership and articles, absent a corroborating affidavit from her husband that the Chinese government discovered these items, did not establish that the Chinese government would learn about her CDJP activities. *See Y.C. v. Holder*, 741 F.3d 324, 337 (2d Cir. 2013) (deeming internet publications insufficient to establish likelihood authorities would learn about petitioner's U.S. activities). Despite Cui's argument that her background evidence established that she would be targeted as a CDJP member, that evidence mentioned the banning only of the CDP, a distinct organization, and only four arrests of CDJP members, two of which were precipitated by actions taken *in* China. Because her documentary evidence did not rehabilitate her testimony, the agency did not err in finding that Cui failed to meet her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii).

All of Cui's claims are based on the same factual predicate. As a result, her lack of credibility is

7

dispositive as to asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk