Singh v. Rosen

BIA
Nelson, IJ
A205 585 720

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-one.

PRESENT:
　　　　PIERRE N. LEVAL,
　　　　DEBRA ANN LIVINGSTON,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*
_____

KARAMVIR SINGH,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　18-2879
　　　　　　　　　　　　　　　　　　　　NAC

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.\**
_____

FOR PETITIONER:　　　　Deepti Vithal, Richmond Hill, NY.

FOR RESPONDENT:　　　　Ethan P. Davis, Acting Assistant
　　　　　　　　　　　　Attorney General; Jessica E.
　　　　　　　　　　　　Burns, Senior Litigation Counsel;

---

\* Pursuant to Fed R. App. R. 43(c)(2), Jeffrey A. Rosen is automatically substituted for former Attorney General William P. Barr.

Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Karamvir Singh, a native and citizen of India, seeks review of a September 4, 2018, decision of the BIA affirming an October 3, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Karamvir Singh,* No. A205 585 720 (B.I.A. Sep. 4, 2018), *aff'g* No. A205 585 720 (Immig. Ct. N.Y. City Oct. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's credibility and internal relocation determinations because the BIA did not rely on those grounds in affirming the IJ's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]hen the BIA issues an opinion . . . and that opinion

2

constitutes the final agency determination, we may consider only those issues that formed the basis for that decision."). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010).

Singh claimed that Muslims who belonged to the Congress Party threatened and attacked him after he refused to sell them land on which they wanted to build a mosque. As to asylum and withholding of removal, the agency denied relief because Singh did not establish a nexus between the attacks and a protected ground of religion or political opinion. Substantial evidence supports the agency's determination.

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also* 8 U.S.C. § 1231(b)(3)(A) (withholding); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010) (holding that the "one central reason" standard also applies to withholding of removal). Relief "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground."

3

*Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). Under this "one central reason" standard, "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment. That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007).

Singh testified that he was attacked by members of the Congress Party because he refused to sell his land to them. He denied belonging to or supporting any political party in India. He said that his attackers wanted to buy his land because it "was right beside the highway," and he heard from other villagers that his attackers "wanted to put the mosque there." He testified that he was Hindu and his attackers wanted to build a mosque, but he did not state that his attackers knew his religion or that his religion was a reason he was targeted. Based on this testimony, the agency reasonably concluded that the motive for the attack was a land dispute, and Singh did not provide evidence that his political beliefs or religion were "at least one central reason for the [attacks]." *Acharya*, 761 F.3d at 297; *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (holding that an applicant "must provide *some* evidence of [a

4

persecutor's motives], direct or circumstantial"); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) ("The applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief.").

Singh's argument that "no questions were asked" at the merits hearing about his religion or how his attackers urged him to convert to Islam is unavailing. If he is faulting his prior attorney for not asking such questions, the argument is unexhausted and not subject to review because he did not raise an ineffective assistance claim before the agency. *See Lin Zhong*, 480 F.3d at 122–23 (holding that our review is generally limited to issues raised before the agency); *Arango-Aradondo v. INS*, 13 F.3d 610, 614–15 (2d Cir. 1994) (holding that the BIA must review an ineffective assistance claim in the first instance either on appeal or through a motion to reopen). If Singh is instead faulting the IJ or the Government for not asking such questions, the argument is meritless because Singh had the burden to establish his eligibility for relief. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Finally, with respect to the denial of CAT relief, Singh did not challenge the IJ's findings and conclusions in his brief to the BIA. Accordingly, he has forfeited a claim of

5

error in the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court