**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1066**

SOLOMON ASEFFA DEGU,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  September 17, 2014    Decided:  September 24, 2014

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

Workneh Churnet, LAW OFFICE OF WORKNEH CHURNET, Washington,
D.C., for Petitioner. Stuart F. Delery, Assistant Attorney
General, Daniel E. Goldman, Senior Litigation Counsel, Samuel P.
Go, Senior Litigation Counsel, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Solomon Aseffa Degu, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the Immigration Judge's denial of his requests for asylum, withholding of removal and protection under the Convention Against Torture. We have thoroughly reviewed the record and conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review in part. With regard to the procedural due process claims raised by Degu, we note that such claims were reviewable by the Board. Because Degu failed to properly exhaust the claims before the Board prior to raising them before this court, we lack jurisdiction to review them.[*] See Farrokhi v. INS, 900 F.2d 697, 700-01 (4th Cir. 1990).

We therefore deny in part and dismiss in part the petition for review. We dispense with oral argument because the

---

[*] Degu claims that he was unable to exhaust these claims on account of ineffective assistance of counsel. To raise such a claim, however, Degu must file a motion to reopen with the Board pursuant to Matter of Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988).

2

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART</u>
<u>AND DISMISSED IN PART</u>