**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2015**

ANA LIDIA ZUNIGA VASQUEZ,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued:  September 21, 2021               Decided:  November 23, 2021

Before FLOYD, THACKER, and HARRIS, Circuit Judges.

Petition for review dismissed by unpublished opinion.  Judge Harris wrote the opinion, in which Judge Floyd and Judge Thacker joined.

**ARGUED:**  Anser Ahmad, AHMAD & ASSOCIATES, McLean, Virginia, for Petitioner. Gregory A. Pennington, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Jeffrey Bossert Clark, Acting Assistant Attorney General, Justin Markel, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Ana Lidia Zuniga Vasquez, a citizen and native of El Salvador, seeks review of a final order of removal. Zuniga testified that she fled El Salvador after she and her son were threatened with death by MS-13 gang members who had raped and impregnated her. An immigration judge denied her application for asylum and other forms of relief, in part because she failed to corroborate her claim, and the Board of Immigration Appeals ("BIA") affirmed without opinion.

We must dismiss Zuniga's petition for review. Because Zuniga failed to raise dispositive issues before the BIA, we lack jurisdiction to review them. And although Zuniga attributes this failure to ineffective assistance of agency counsel, her ineffective assistance claim also should have been raised to the BIA, in a motion to reopen, and we may not consider it in the first instance now.

## I.

In August 2015, Zuniga attempted to enter the United States without authorization and was apprehended by the Department of Homeland Security. This case arises from her application for relief from removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT").

In support of her application, Zuniga recounted – in testimony deemed credible by the Immigration Judge ("IJ") – her rape by three MS-13 gang members in El Salvador in March of 2010. As a result of the rape, Zuniga became pregnant and had a son. According

to Zuniga, though she reported her rape to the police and identified one of her rapists, the police did not "take [her] seriously" and refused to help. J.A. 119.

After the rape, the gang continued to target Zuniga. Gang members frequently demanded that she "turn [herself] over to them," believing that she became their property when they raped her. J.A. 234. Their threats appear to have culminated in July 2014, four years after the rape, when gang members held Zuniga at knifepoint, seized her son from her arms, and threatened to kill both of them if she did not "give [herself] up to them that day." J.A. 116. In response, Zuniga immediately fled to Mexico.

On August 30, 2015, after spending a year in Mexico, Zuniga attempted to enter the United States using a false passport. She was interviewed by a Customs and Border Protection officer the next day and told him that she feared removal because she would be in danger if returned to El Salvador. There are certain discrepancies between the transcript of Zuniga's interview and her later testimony. Perhaps most critically, the transcript indicates that Zuniga said that she had been mugged twice, but not that she had been raped. There also are apparent inconsistencies regarding how long Zuniga had lived in Mexico, her son's location at the time, and the cost of her false passport.

A month later, Zuniga was interviewed by an asylum officer, who determined that she had a credible fear of persecution in El Salvador based on her account of being raped and threatened by gang members. After the government placed her in removal proceedings, she conceded removability and applied for relief in the form of asylum, withholding of removal, and protection under the CAT.

The IJ denied relief. He found Zuniga's testimony "generally consistent with the evidence of record," and credited her testimony. J.A. 33. But he also deemed corroborating evidence necessary, given what he believed to be an inconsistent statement during her initial interview with Customs and Border Protection disclaiming any fear of harm if returned to El Salvador. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (permitting IJs to require "evidence that corroborates otherwise credible testimony"). And because Zuniga had failed to meet her burden by sufficiently corroborating her account – in particular, by providing no evidence that she had been raped by gang members – the IJ concluded she was not entitled to asylum or withholding of removal.

In an "alternative holding," J.A. 34, the IJ went on to find that even if Zuniga could corroborate her account, she would not be entitled to relief because the persecution she feared was not "on account of a protected ground," J.A. 36; *see* 8 U.S.C. § 1101(a)(42)(A) (identifying protected grounds supporting asylum); *id.* § 1231(b)(3)(A) (same for withholding). First, the IJ reasoned, neither of Zuniga's proposed groups – "El Salvadoran young women who are rape victims" and "women in El Salvador treated as property and controlled by men," J.A. 34 – qualified as a cognizable "particular social group" for purposes of asylum or withholding of removal. *See Temu v. Holder*, 740 F.3d 887, 892–97 (4th Cir. 2013) (discussing and applying "particular social group" requirement). And second, there was no evidence that any persecution was "on account of" membership in either of those groups, and not simply "consistent with criminality and private violence." J.A. 37.

4

Finally, the IJ denied Zuniga's CAT claim on multiple grounds, finding that she failed to show that she likely would be tortured if returned to El Salvador, that the El Salvadoran government would acquiesce in any such torture, and that she would be unable to protect herself by relocating within El Salvador.

The BIA affirmed summarily and without an opinion, as authorized by 8 C.F.R. § 1003.1(e)(4). Zuniga then timely petitioned this court for review.

**II.**

Because the BIA used its "streamlined procedure" and issued a summary affirmance, we treat the IJ's decision as the final order under review. *See Camara v. Ashcroft*, 378 F.3d 361, 366 (4th Cir. 2004); 8 C.F.R. § 1003.1(e)(4). And we review that agency determination, "streamlined or not," under the same familiar standard, upholding the decision unless it is "manifestly contrary to law." *Id.* at 367 (quoting 8 U.S.C. § 1252(b)(4)(C)).

Critically, our review in this case is further limited by the INA's exhaustion requirement. We have jurisdiction to "review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). As a result, a petitioner must have raised in his or her appeal to the BIA any issue put before us for review. "[A]rguments that a petitioner did not raise in the BIA proceedings have not been exhausted and the Court lacks jurisdiction to consider them." *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019); *see Portillo Flores v. Garland*, 3 F.4th 615, 632 (4th Cir. 2021) (en banc) ("If a petitioner could have raised an argument before

5

the [BIA] but didn't, we do not have the authority to consider the argument in the first instance.") (internal quotation marks omitted).[1]

We agree with the government that we must dismiss Zuniga's petition for lack of jurisdiction because she failed to exhaust her administrative remedies. Indeed, Zuniga herself mostly has failed to argue otherwise. She has not disputed that the exhaustion requirement applies when the BIA affirms summarily under 8 C.F.R. § 1003.1(e)(4), *see Atemnkeng v. Barr*, 948 F.3d 231, 238–41 (4th Cir. 2020) (applying exhaustion requirement to summary affirmance), giving us no occasion to further explore that question. Her briefing does not address exhaustion, and at oral argument, she largely conceded the point. But to the extent Zuniga has preserved an argument that she satisfies the exhaustion requirement, we must disagree.

With respect to her asylum and withholding claims, Zuniga did not challenge before the BIA the IJ's dispositive holding that she failed to provide necessary corroborating evidence. That holding – that corroborating evidence was necessary and that Zuniga failed to sufficiently corroborate her testimony – was the first, independently sufficient ground on which the IJ denied her application. But on appeal to the BIA, Zuniga's four-page brief did not address that holding at all, alluding instead only to other arguments: that the harm she suffered rose to the level of persecution, that the police were unwilling to control the

---

[1] Like other circuits, we also have acknowledged "another path to exhaustion," allowing review of an issue on which the BIA has issued a definitive ruling even if it does so *sua sponte* – that is, without the petitioner having brought the issue to its attention. *Portillo Flores*, 3 F.4th at 633–34; *see Perez Vasquez v. Garland*, 4 F.4th 213, 228 (4th Cir. 2021). That rule has no application here, given the BIA's summary affirmance.

perpetrators, and that her gender was a central reason for her persecution. She did not argue that corroboration was unnecessary or identify any error in the IJ's decision to require corroboration.[2] Nor did she argue that she in fact had provided sufficient corroboration or point to any evidence in the record that supported her account. Zuniga did *acknowledge* the IJ's finding that she had attempted to corroborate her claim and fallen short, but at no point did she *contest* that finding.

We recognize that a petitioner "need not conjure any 'magic words' to raise an issue" before the BIA and need only "launch the appropriate argument." *Atemnkeng*, 948 F.3d at 240 (cleaned up); *see also Portillo Flores*, 3 F.4th at 632. We do not penalize petitioners by "evaluating form over substance" where their "arguments before the BIA in essence raised the concern," and a petitioner may make "more specific and nuanced points" in this court than before the BIA. *Atemnkeng*, 948 F.3d at 240–41 (cleaned up); *see also Perez Vasquez*, 4 F.4th at 228. But applying these principles here, we nevertheless must conclude that Zuniga failed to challenge the IJ's corroboration determination before the

---

[2] In fact, the IJ's determination that corroborating evidence was necessary appears to be premised on an error. The IJ gave one reason for requiring corroboration: that Zuniga made an inconsistent statement in her initial interview when she told a border official that she "did not fear persecution or torture if she returned to El Salvador." J.A. 33 (citing J.A. 148–50). But the portions of Zuniga's interview on which the IJ relied contradict that assertion, showing instead that Zuniga told the official that she *would* be harmed if she were returned and *did* fear being sent back to El Salvador. And while there were other discrepancies between the transcript of that interview and Zuniga's later testimony, the IJ did not rely on those in making his corroboration determination.

BIA.[3] While her brief broadly asserted that the IJ erred in denying her asylum claim, however generously construed it simply did not put the BIA on notice of any concerns about the IJ's finding that corroborating evidence was necessary and absent. *See Kporlor v. Holder*, 597 F.3d 222, 226–27 (4th Cir. 2010) (emphasizing that the "exhaustion doctrine embodies a policy of respect for administrative agencies" by giving them an opportunity to "discover and correct their own errors") (internal quotation marks omitted). We therefore lack jurisdiction to review the corroboration holding. And because that holding is an independent and sufficient ground for denial of Zuniga's asylum and withholding claims, we dismiss the petition for review as to those claims.

Zuniga likewise failed to exhaust her CAT claim, which she did not argue in her briefing to the BIA. As in *Perez Vasquez*, in which we deemed a claim for CAT relief unexhausted, the argument section of Zuniga's BIA brief "never mentioned the word 'torture' even once" or "cited any relevant case law. Nor did [her] Notice of Appeal to the [BIA] contain anything related to Convention Against Torture relief." 4 F.4th at 228. Zuniga did mention in the background section of her brief that she had applied for CAT relief, but as we held in *Perez Vasquez*, that does not constitute a challenge to the IJ's denial of such relief. *See id.* And even if we could find in Zuniga's BIA brief some challenge to some aspect of the IJ's ruling on her CAT claim, we note that the IJ denied that claim on multiple alternative grounds – and it is unequivocally clear that Zuniga did not challenge

---

[3] Indeed, before this court, Zuniga's brief continues to focus only on other issues, failing to challenge the IJ's dispositive holding that she did not provide necessary corroborating evidence.

*all* of those determinations on appeal. Accordingly, we must dismiss the petition for review as to Zuniga's CAT claim, as well.

Finally, Zuniga argues that she was provided ineffective assistance of counsel before the IJ and BIA. But we cannot consider this argument – or excuse any failure to exhaust based on ineffective assistance in BIA proceedings – because this claim, too, should have been presented to the BIA in the first instance. As Zuniga concedes, the proper vehicle for an ineffective assistance claim is a motion to reopen with the BIA. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639–40 (BIA 1988) (setting requirements for asserting ineffective assistance); *Arango-Aradondo v. I.N.S.*, 13 F.3d 610, 614 (2d Cir. 1994) (collecting cases requiring exhaustion of ineffective assistance claims); *see also Degu v. Holder*, 583 F. App'x 214, 215 n.* (4th Cir. 2014) (per curiam) (requiring petitioner to exhaust ineffective counsel claim through motion to reopen). But Zuniga, as she concedes, never filed such a motion with the BIA. Nor has she provided any explanation for that failure, given that she was represented by new counsel – who filed this petition in our court – well before the time to seek relief with the BIA had expired. *See* 8 C.F.R. § 1003.2(c)(2) (providing 90 days to move to reopen). Accordingly, we cannot and do not address the merits of Zuniga's ineffective assistance claim here.

**III.**

For the reasons given above, the petition is dismissed.

*DISMISSED*

9