Ruiz Espinoza v. Bondi

BIA
Christensen, IJ
A240 633 482

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand twenty-five.

PRESENT:
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ALEXANDER RUIZ ESPINOZA,
> *Petitioner,*

v.                                                              **24-222**
                                                                **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Amin E. Fernandez, La Victoria Foundation,
                          Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alexander Ruiz Espinoza, a native and citizen of Peru, seeks review of a December 26, 2023, decision of the BIA summarily dismissing his appeal from a July 7, 2023, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ruiz Espinoza,* No. A 240 633 482 (B.I.A. Dec. 26, 2023), *dismissing appeal from* No. A 240 633 482 (Immigr. Ct. N.Y.C. July 7, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily dismissed Ruiz Espinoza's appeal without reaching the merits of the IJ's decision, our review is limited to the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Although we have not established a standard of review for summary dismissals, we need not do so here

because there are no grounds for remand under any of the potentially applicable standards. *See, e.g.*, *Atkinson v. Garland*, No. 21-6181, 2022 WL 2118360, at *1 (2d Cir. June 13, 2022) (summary order).

The BIA "may summarily dismiss any appeal . . . [when] [t]he party concerned fails to specify the reasons for the appeal." 8 C.F.R § 1003.1(d)(2)(i)(A). It may also summarily dismiss when "[t]he party concerned indicates . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." *Id.* § 1003.1(d)(2)(i)(E). Ruiz Espinoza concedes that his former counsel failed to adequately specify the reasons for the appeal or file a brief as directed after indicating an intent to do so. He does not argue that, given those omissions, the BIA acted outside its authority in summarily dismissing the petition. Any such argument has thus been abandoned. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Rather than challenge the dismissal, Ruiz Espinoza argues that the defects in his appeal were attributable to ineffective assistance of counsel, and that we

3

should remand for further agency proceedings for that reason. However, "when an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and [the Court] cannot hear it." *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024). Ruiz Espinoza did not raise ineffective assistance of counsel before the agency (as he could have done in a motion for reconsideration or reopening). While not jurisdictional, administrative exhaustion is "mandatory" when—as here—the Government invokes it. *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023); *see also Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (requiring ineffective assistance of counsel claims to be raised before the BIA in the first instance).

Finally, to the extent that Ruiz Espinoza challenges the IJ's decision by arguing that he established a CAT claim, his arguments are not properly before us because our review is limited to the BIA's decision. *See Yan Chen*, 417 F.3d at 271.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4